UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMAS SOLOMON AFEWORKI,<br>Petitioner,<br>v.<br>KARIN ARNOLD,<br>Respondent. | CASE NO. 3:26-cv-05510-RSL-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: **August 14, 2026** |

This 28 U.S.C. § 2254 habeas action has been referred to United States Magistrate Judge David W. Christel. Petitioner Tomas Solomon Afeworki has filed a proposed habeas petition and a Motion for Stay and Abeyance. Dkt. 11, 12. The undersigned concludes the petition should be construed as a motion to amend an earlier-filed § 2254 petition in this Court where he is challenging the same judgment and sentence under which he is confined, Thus, the undersigned recommends this action be transferred to the Honorable Lauren J. King for consideration as part of the proceedings in *Afeworki v. Haynes*, No. 2:20-cv-00132-LK-BAT (W.D. Wash. filed Jan. 27, 2020).

## I. LEGAL STANDARDS

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)).

A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Maleng* 490 U.S. at 490–91. When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Id.* at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

## II. DISCUSSION

Petitioner does not meet the "in custody" requirement for the conviction he states he is challenging in the petition, which was entered in 2001 in Snohomish County Superior Court Case No. 01-1-00583-3 (hereinafter "2001 Snohomish County conviction") and resulted in a twenty-one-month sentence of confinement. Dkt. 11 at 1. Petitioner completed that sentence long before he initiated this action but expressly states that he "attacking the [2001 Snohomish County] conviction <u>not</u> sentence[.]" *Id.* at 14 (emphasis in original). However, because Petitioner is no longer serving the sentence imposed in 2001 Snohomish County conviction, he is not "in custody" for purposes of filing a § 2254 petition on that expired conviction.

Petitioner further alleges the 2001 Snohomish County conviction enhanced the sentence he is presently serving under the conviction entered in 2013 in King County Superior Court Case No. 10-1-09267 (hereinafter "2013 King County conviction"). Dkt. 11 at 14. Thus, the Court interprets the petition as challenging Petitioner's current confinement under the 2013 King County conviction as allegedly enhanced by the expired 2001 Snohomish County conviction rather than as a direct challenge to the expired conviction. *See Maleng*, 490 U.S. at 493–94; *Brock v. Weston*, 31 F.3d 887, 889–90 (9th Cir. 1994) (where an expired conviction is "allegedly relied upon to enhance a pending sentence," courts may not dismiss the habeas corpus petition and instead are "obliged' to construe the petition as an attack on the pending sentence" (quoting *Feldman v. Perrill*, 902 F.2d 1445, 1449 (9th Cir. 1990)).

The Court's records reflect that Petitioner already has a pending federal habeas action challenging the 2013 King County conviction. *See Afeworki v. Haynes*, No. 2:20-cv-00132-LK-BAT (W.D. Wash. filed Jan. 27, 2020). When a *pro se* petitioner files a second habeas corpus petition while the first petition challenging his judgment and sentence is still pending, the district court is required to interpret the new petition as a motion to amend the first petition. *Goodrum v.*

*Busby*, 824 F.3d 1188, 1194–95 (9th Cir. 2016); *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008); *see also United States v. Gordon*, 151 F.4th 1090, 1103–06 (9th Cir. 2025) (applying similar reasoning in the context of Rule 59(e) motion in cases for post-conviction relief brought under 28 U.S.C. § 2255).

In addition, a petitioner may not pursue multiple habeas actions challenging the same judgment and sentence; any viable claims must be asserted in a single action. *Roberson v. Speer*, No. C24-1992-RAJ-MLP, 2025 WL 334393, at *2 (W.D. Wash. Jan. 6, 2025), *report and recommendation adopted*, No. C24-1992-RAJ, 2025 WL 330827 (W.D. Wash. Jan. 29, 2025) ("[I]t is not permissible for Petitioner to maintain multiple habeas actions challenging the same judgment and sentence."); *see also* W.D. Wash. Local Civil LCR 3(g) (notice of related cases), and LCR 42 (consolidation of related cases).

Accordingly, the Court should construe the petition as a motion to amend the first-in-time petition challenging the current judgment and sentence and should transfer this case for consideration as a motion to amend as part of the first-in-time proceedings in *Afeworki v. Haynes*, No. 2:20-cv-00132-LK-BAT (W.D. Wash. filed Jan. 27, 2020).[1]

## III. CERTIFICATE OF APPEALABILITY

Finally, a petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a District or Circuit Judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial

[1] Petitioner has also filed a separate § 2254 petition challenging another expired conviction that he likewise alleges enhanced the sentence imposed in 2013 King County conviction. *Afeworki v. Arnold*, 26-cv-01442-KKE-TLF (W.D. Wash. filed Apr. 24, 2026). Currently pending in that action is a recommendation to construe the second-in-time petition on the expired conviction as a motion to amend and transfer the matter for consideration as part of Petitioner's first-in-time habeas proceedings. *Id.* at Dkt. 5.

of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurist could disagree with the above evaluation of the petition or conclude that the issues presented should proceed further in this federal habeas action. Therefore, the undersigned recommends Petitioner not be issued a certificate of appealability. Petitioner should a certificate of appealability should be issues in any written objections to this Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, the Court should:

(1) Find petitioner is no longer "in custody" with respect to the judgment and sentence in 2001 in Snohomish County Superior Court Case No. 01-1-00583-3; and

(2) Interpret this petition as a challenge to petitioner's current judgment and sentence in King County Superior Court Case No. 10-1-09267-SEA; and

(3) Construe the petition as a motion to amend the first-in-time petition challenging the current judgment and sentence; and

(4) Transfer this case to the Honorable Lauren J. King for consideration as part of the proceedings in *Afeworki v. Haynes*, No. 2:20-cv-00132-LK-BAT (W.D. Wash. filed Jan. 27, 2020): and

(5) Deny Petitioner's motion to stay and abey (Dkt. 12) as moot; and

(6) Deny the issuance of a certificate of appealability.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 14, 2026**.

Dated this 23rd day of July, 2026.

David W. Christel
United States Magistrate Judge