The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMAS SOLOMON AFEWORKI,

Petitioner,

v.

KARIN ARNOLD,

Respondent.

NO. 26-cv-5510-RSL

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court are the Report and Recommendation of United States Magistrate Judge David W. Christel and petitioner Tomas Solomon Afeworki's objections. Dkts. 13, 14. Petitioner filed a proposed habeas petition challenging a 2001 Snohomish County Superior Court conviction that he alleges was used to enhance the sentence he is currently serving, and a Motion for Stay and Abeyance. Dkts. 11, 12. Having reviewed the Report and Recommendation, petitioner's objections, the record, and the relevant legal authority, the Court adopts the Report and Recommendation for the reasons set forth below.

The Report and Recommendation concludes that petitioner may not directly challenge his 2001 Snohomish County conviction because the sentence imposed for that conviction expired long before he filed this action and he therefore is no longer "in custody" under that judgment for purposes of 28 U.S.C. § 2254. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Because petitioner alleges that the 2001 conviction was used to enhance the sentence he is currently serving under a 2013 King County judgment, the Report and Recommendation construes the petition as a challenge to petitioner's current confinement. *See id*. at 493–94. It further concludes that, because petitioner already has a pending federal habeas action challenging that same 2013 judgment, this petition should be construed as a motion to amend the first-filed petition and transferred to the judge presiding over that action. *See Goodrum v. Busby*, 824 F.3d 1188, 1194–95 (9th Cir. 2016).

Petitioner objects that *Maleng* is inapplicable because his challenge concerns appointed counsel's alleged withdrawal of his direct appeal without his knowledge or consent. He also contends that the Report and Recommendation failed to conduct a threshold jurisdictional analysis under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), regarding alleged defects in the state-court proceedings. The Court reviews these objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

Neither objection undermines the Report and Recommendation's analysis. Whatever the nature or merits of petitioner's constitutional challenges to the 2001 conviction, *Maleng* governs whether he satisfies § 2254's "in custody" requirement with respect to that expired conviction. Because he does not, and because he alleges that the conviction enhanced the sentence he is currently serving, the Report and Recommendation correctly construes the petition as a challenge to his current confinement. Petitioner's reliance on *Steel Co*. likewise does not establish that he may maintain a separate federal habeas action challenging the expired conviction. His assertions regarding alleged jurisdictional and procedural defects in the state-court proceedings concern the merits of the claims he seeks to pursue, not whether this separately filed habeas action is the proper vehicle for pursuing them. Having reviewed the challenged portions of the Report and Recommendation *de novo*, the Court finds no error in the magistrate judge's analysis.

Accordingly, the Court ADOPTS the Report and Recommendation, Dkt. 13; FINDS that petitioner is no longer "in custody" with respect to the 2001 Snohomish County judgment; CONSTRUES the petition as a challenge to petitioner's current judgment and sentence in King County Superior Court Case No. 10-1-09267-SEA and as a motion to amend the first-filed petition challenging that judgment; and DIRECTS the Clerk to transfer this case to the Honorable Lauren J. King for consideration as part of

Afeworki v. Haynes, No. 2:20-cv-00132-LK-BAT. Petitioner's Motion for Stay and Abeyance, Dkt. 12, is DENIED as moot.

A certificate of appealability is DENIED.[1]

DATED this 10th day of August 2026.

Robert S. Lasnik
United States District Judge

[1] Although the Court is not dismissing petitioner's habeas claims on the merits, this order concludes this § 2254 proceeding by construing the petition as a motion to amend and transferring it to petitioner's first-filed habeas action. To the extent a certificate of appealability is required, the Court concludes that reasonable jurists would not debate this procedural disposition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).